[This opinion has been published in *Ohio Official Reports* at 78 Ohio St.3d 463.]

COLUMBUS BAR ASSOCIATION V. JACKSON.

[Cite as *Columbus Bar Assn. v. Jackson*, 1997-Ohio-57.]

*Attorneys at law—Misconduct—Six-month suspension stayed with condition of monitoring by bar association—Failing to file Ohio estate tax return and neglect of other probate matters—Issuing check to client from trust account with insufficient funds.*

(No. 96-2782—Submitted February 19, 1997—Decided May 21, 1997.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 96-53.

————————————

{¶ 1} On June 17, 1996, the Columbus Bar Association, relator, filed a complaint charging respondent, Eric K. Jackson of Columbus, Ohio, Attorney Registration No. 0055163, in four separate counts, with violation of several Disciplinary Rules. On November 14, 1996, a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") received a stipulation of the parties, heard additional evidence, and received materials related to mitigation.

{¶ 2} As a result of its hearing, the panel found that in August 1995, Vida Williams paid respondent $500 to represent Mark Hudson at a parole revocation hearing, which money respondent deposited in his personal account. In his investigation of the matter, respondent discovered that Williams was the complaining witness with respect to the parole violation, realized that he had a conflict of interest, and withdrew from the case. When Williams complained to the relator about not receiving a refund of a portion of the fee she had paid, respondent issued her a check for $200 from his trust account, which was returned once for lack of sufficient funds before it was honored. The panel concluded that by his

actions, responded had violated DR 7-101(A)(1) (failing to seek the lawful objectives of a client), 7-101(A)(2) (failing to carry out a contract of employment), and 7-101(A)(3) (prejudicing or damaging a client during the course of the professional relationship), 9-102(A) (funds of clients paid to a lawyer, other than advances for costs and expenses, shall be deposited in one or more identifiable bank accounts), and 9-102(B) (a lawyer shall promptly pay and deliver to a client funds which the client is entitled to receive).

{¶ 3} The panel further found that after respondent was appointed to serve as administrator with will annexed for the estate of Lucille Thomas in the Franklin County Probate Court, he initiated action to sell real estate, but failed to take any other action. He also failed to file a status letter when requested by the court, failed to appear at the citation hearing on the failure to file the status letter, was charged with contempt, fined $100, and was removed as administrator. The panel concluded that respondent's conduct violated DR 1-102(A)(5)(engaging in conduct prejudicial to the administration of justice), 1-102(A)(6) (engaging in conduct that adversely reflects upon the lawyer's fitness to practice law), 6-101 (A)(1)(handling a legal matter which he knows he is not competent to handle), and 7-101(A)(1), (2), and (3).

{¶ 4} The panel finally found that in representing the fiduciary for the estate of John M. Parks, respondent settled numerous disputes between the decedent's next of kin. However, citations were issued against respondent in September 1992 for failing to file an inventory, in August 1994 and again in September 1995 for an account past due, and in October 1995 for failing to file a status letter. Respondent did not appear at the hearing on the last citation and was charged with contempt. At the contempt hearing, respondent admitted that he had not filed an Ohio estate tax return in the case because he did not know how to prepare or file one. Also, he had not properly disposed of some trucks that were the property of the estate because he "Didn't get to it." Respondent was found guilty of contempt, fined

$200, and ordered to receive no fees from the estate. The panel concluded that respondent's acts and failures to act violated DR 1-102(A) (5) and (6), 6-101(A), and 7-101(A)(1), (2), and (3).

{¶ 5} The panel received letters from a law professor and other lawyers attesting to respondent's legal ability, and noted that no party was deceived or injured by respondent's actions. The panel recommended that respondent be suspended from the practice of law for six months, but that the entire suspension be stayed subject to the monitoring of respondent's probate practice and any other monitoring which the relator deemed appropriate. The board adopted the findings, conclusions, and recommendations of the panel.

———————————

*Stanley D. Ross* and *Bruce A. Campbell*, for relator.

*Eric K. Jackson, pro se.*

———————————

*Per Curiam.*

{¶ 6} We accept the findings and conclusions of the board. In a previous case involving failure to file an Ohio estate tax return, we imposed a public reprimand. *Stark Cty. Bar Assn. v. Stocker* (1989), 47 Ohio St. 3d 46, 547 N.E.2d 1175. Here, because of his inexperience, respondent not only failed to file an estate tax return but also neglected a number of other probate matters. This is a case where mentoring is warranted. We therefore accept the board's recommendation and suspend respondent from the practice of law for six months, but we stay the entire suspension subject to respondent's being monitored for the duration of the suspension as determined by relator. Costs taxed to respondent.

*Judgment accordingly*.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur.

COOK, J., dissents.

_____

**COOK, J., dissenting.**

{¶ 7} Respondent's course of conduct depicts a great deal more than inexperience. A lawyer new to the practice of law should not be excused for (1) issuing an insufficient-funds check to his client from his trust account, (2) twice ignoring requests from courts for status letters, (3) being cited five times for past-due probate filings, (4) twice failing to appear at citation hearings with resulting contempt of court charges, (5) ignoring the responsibility to file a tax return rather than seeking assistance, and (6) espousing a "didn't get to it" reason for failure to fulfill the responsibility he accepted as a fiduciary. Diligence is not a "goal" to be reached through experience in the practice; it is a requirement from the first day. The public is entitled to be protected from lawyers who will not perform, in the manner of a competent professional, the work for which they were engaged. I would, therefore, suspend the respondent for one year.

_____